ELECTRONICALLY FILED - 2021 Dec 21 5:08 PM - JASPER - COMMON PLEAS - CASE#2021CP2700545

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE |
| COUNTY OF JASPER ) | FOURTEENTH JUDICIAL CIRCUIT |
| ) | |
| WILLIE HAIGLER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | SUMMONS |
| ) | (Jury Trial Requested) |
| DAVID J. NYENHUIS, DAB ) | |
| CONSTRUCTORS, INC., ) | |
| EDWARD W. BECKETT, THE ) | |
| RICHMOND GROUP, INC. ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

TO: THE DEFENDANT'S ABOVE NAMED:

YOU ARE SUMMONED and required to answer the allegations of the Complaint, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint within thirty (30) days from the first day after receipt of this Summons and Complaint. Your Answer must be received by the attorney, Charles J. Brooks, II, Esquire, with offices at P.O. Box 1147, Columbia, South Carolina, 29202.

If you fail to Answer within the prescribed time, a judgment of default will be rendered against you for the relief demanded in the Complaint.

/s/ Charles J. Brooks, II
Charles J. Brooks, II
SC Bar No: 15262
Attorney for the Plaintiff
P.O. Box 1147
Columbia, South Carolina 29202
(803) 252-1400

Columbia, South Carolina

Dated: December 20, 2021

ELECTRONICALLY FILED - 2021 Dec 21 5:08 PM - JASPER - COMMON PLEAS - CASE#2021CP2700545

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE |
| COUNTY OF JASPER ) | FOURTEENTH JUDICIAL CIRCUIT |
| ) | |
| WILLIE HAIGLER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | (Jury Trial Requested) |
| DAVID J. NYENHUIS, DAB ) | |
| CONSTRUCTORS, INC., ) | |
| EDWARD W. BECKETT, THE ) | |
| RICHMOND GROUP, INC. ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

The Plaintiff above-named would show unto this Court:

### FOR A FIRST CAUSE OF ACTION
(Negligence)

1. The parties and subject matter herein contained are within the jurisdiction of this Honorable Court.

2. The Plaintiff is a resident of the State of Georgia. Upon information and belief, the Defendant Nyenhuis, is a resident of the State of Florida. Upon information and belief, the Defendant Beckett is a resident of the State of New Hampshire. Upon information and belief, DAB Construction, Inc. is a corporation organized under the laws of the State of Florida. Upon information and belief, The Richmond Group, Inc. is a corporation organized under the laws of the State of Massachusetts.

3. At the times hereinafter mentioned, the Plaintiff is informed and believes that the Defendant Nyenhuis, an employee and agent of Defendant DAB Constructors, Inc, was operating a 2016 Ford pickup truck that was owned and maintained by the Defendant DAB Constructors, Inc. At the times hereinafter mentioned, the Plaintiff is informed and believes that the Defendant

ELECTRONICALLY FILED - 2021 Dec 21 5:08 PM - JASPER - COMMON PLEAS - CASE#2021CP2700545

Beckett, an employee and agent of Defendant The Richmond Group, Inc. 2015 was operating a 2015 Landrover SUV that was owned and maintained by the Defendant The Richmond Group, Inc.

4.     At the times hereinafter mentioned the Plaintiff was operating a 2019 Nissan automobile.

5.     On or about December 26, 2018 at approximately 11:30 A.M. the Plaintiff, was traveling on I-95 in Jasper County, South Carolina. The Defendant Beckett was also traveling on I-95, directly behind the Plaintiff, in Jasper County, South Carolina. The Defendant Nyenhuis, was also traveling on I-95 in Jasper County, South Carolina, directly behind Defendant Beckett. The Defendant Nyenhuis, who was traveling too close behind Defendant Beckett and crashed into the back of Defendant Beckett's vehicle. The Defendant Beckett, who was traveling too close behind the Plaintiff crashed into the back of the Plaintiff's vehicle after he was struck from behind by Defendant Nyenhuis' vehicle. This collision threw the Plaintiff around the interior of the automobile inflicting injuries to his person and more particularly hereinafter set forth.

6.     As a direct and proximate result thereof, Plaintiff suffered great physical harm and injury from the impact and from being thrown about the interior of the automobile, all of which has caused him much physical pain and suffering and has caused him to spend money for medical services and to lose money in the nature of wages and earnings.

7.     As a direct and proximate result thereof, Plaintiff suffered great physical harm and injury from the impact and from being thrown about the interior of the automobile, all of which has caused him much physical pain and suffering and has caused him to spend money for medical services.

ELECTRONICALLY FILED - 2021 Dec 21 5:08 PM - JASPER - COMMON PLEAS - CASE#2021CP2700545

10. As a direct and proximate result thereof, the Plaintiff is informed and believes that he suffered permanent injuries, both physically and mentally as a result of the foregoing.

11. The injuries and damages sustained by the Plaintiff were the direct, foreseeable, and proximate result of the negligent, willful, wanton, careless, and grossly negligent and unlawful conduct on the part of Defendant Nyenhuis and Defendant DAB Constructors, Inc., acting by and through its employee and agent, Defendant Nyenhuis. The injuries and damages sustained by the Plaintiff were also the direct, foreseeable, and proximate result of the negligent, willful, wanton, careless, and grossly negligent and unlawful conduct on the part of Defendant Beckett and Defendant The Richmond Group, Inc., acting by and through its employee and agent, Defendant Beckett. Upon information and belief the Defendants, breached their duty to the Plaintiff in one or more of the following particulars:

(a) Operating the motor vehicle at a rate of speed that was improper for the circumstances then prevailing;

(b) In failing to keep a proper lookout;

(c) In failing to maintain proper control over the motor vehicle;

(d) In failing to take advantage of any last clear chance to avoid striking Plaintiff when the Defendant saw, or should have seen, the Plaintiff;

(e) In failing to take any evasive action, by any means, to keep from striking the Plaintiff;

(f) In colliding with the Plaintiff;

(g) In failing properly to observe the road and traffic conditions;

(h) In failing to exercise that degree of care that a reasonable and prudent person would have exercised under the same and similar circumstances;

ELECTRONICALLY FILED - 2021 Dec 21 5:08 PM - JASPER - COMMON PLEAS - CASE#2021CP2700545

(i) In operating a motor vehicle with a reckless disregard for the rights and safety of others, and especially the rights and safety of the Plaintiff;

(j) In failing to adjust the speed of the vehicle upon approaching a place where they saw, or should have seen, the Plaintiff;

(k) In violating the laws, statutes, and ordinances of the State of South Carolina;

(l) In failing to apply brakes or driving with defective brakes.

(m) In failing to give an audible signal or warning to the Plaintiff of the impending collision;

(n) In failing to yield the right of way to other traffic on the road;

(o) In failing to maintain Defendant's vehicle in a proper operating condition;

(p) In failing to exercise proper maneuvers to avoid a collision;

(q) In following too closely for conditions.

12. That as the direct and proximate result of the aforesaid negligence, willfulness, wantonness and recklessness and careless acts or omissions of the Defendants, acting individually and by and through its employees and agents, the Plaintiff was thrown in and about the vehicle; the Plaintiff was greatly and severely injured in and about his head, neck, arms, body, shoulders, back and other parts of the body; the Plaintiff was rendered sick, sore, disabled, bruised, shocked thereby and continues to be; that all such injuries have caused the Plaintiff extreme and excruciating pain continuously to this date and Plaintiff will suffer such pain in the future; that as a direct and proximate result of the negligence aforementioned, Plaintiff suffered severe bruises and contusions and great pain, suffering, mental anguish and discomfort.

ELECTRONICALLY FILED - 2021 Dec 21 5:08 PM - JASPER - COMMON PLEAS - CASE#2021CP2700545

13.     That as a direct and proximate cause of said negligence, willfulness, wantonness, recklessness, and gross negligence on the part of the Defendants, individually and by and through its employees and agents:

(a)     Plaintiff was confined to the care and treatment of skill practitioners of the healing arts and nurses;

(b)     Plaintiff is presently being treated by such persons and will continue to receive treatment from them in the future;

(c)     Plaintiff has expended a large sum of money for such treatment and will be obligated to expend even more money in the future for such care and treatment;

(d)     Plaintiff was hindered and prevented and, in the future, will be hindered and prevented from transacting and attending to the Plaintiff's necessary and lawful affairs since the date of the collision and lost and was deprived of gains, profits, salaries, pleasures, advantages and earning capacity and ability which Plaintiff would have other was derived and acquired had it not been for the accident;

(e)     Plaintiff was in the past, at present and will in the future, be put to great expense for medicine, drugs and medical attention;

(f)     Plaintiff has expended large sums of money in the past and present for transportation to and from the doctor's office and will continue to have such expenses in the future and has been permanently impaired as a result of the accident.

(g)     Plaintiff suffered the destruction of his automobile.

14.     That as a direct and proximate result of the foregoing acts by the Defendants, Plaintiff has suffered actual damages and is demanding a judgment against the Defendants in a sum sufficient to compensate him for those damages.

ELECTRONICALLY FILED - 2021 Dec 21 5:08 PM - JASPER - COMMON PLEAS - CASE#2021CP2700545

15. That Plaintiff is informed and believes that he is also entitled to an award of punitive damages as a result of the Defendants gross and reckless conduct.

## FOR A SECOND CAUSE OF ACTION
(Negligent Entrustment of DAB Constructors to Nyenhuis)

16. Plaintiff repeats and realleges the aforementioned paragraphs as fully as if Repeated herein and further alleges:

17. Defendant DAB Constructors supplied and arranged for the use of the 2016 Ford vehicle to Nyenhuis and did place or entrust the operations and control of its vehicle to Nyenhuis.

18. Defendant DAB Constructors had a duty to investigate Nyenhuis' driving record and driving history.

19. Defendant DAB Constructors failed to investigate or failed to properly investigate Nyenhuis' driving history and made insufficient efforts to investigate whether or not Nyenhuis was a safe, fit and competent driver.

20. Defendant DAB Constructors knew, had reason to know or should have known, that Nyenhuis had a record of dangerous, reckless and incompetent driving and that he would be likely to use the vehicle provided to him in a manner involving unreasonable risk of physical harm.

21. Defendant DAB Constructors knew, had reason to know or should have known, that by allowing Nyenhuis the use of its vehicle could involve the risk of physical harm to others.

22. Defendant DAB Constructors knew or should have known that Nyenhuis was incompetent to operate the vehicle in a safe manner, but nonetheless placed or entrusted the vehicle to his control and such entrustment was negligent.

23. The Plaintiff was a member of a foreseeable class of persons who would

be at risk of suffering physical harm as a result of Nyenhuis' operation of the vehicle.

24. The negligence of Defendant DAB Constructors in entrusting the vehicle to Nyenhuis concurrently and proximately caused injury to the Plaintiff.

### FOR A THIRD CAUSE OF ACTION
(Negligent Training/Negligent Supervision of DAB Constructors to Nyenhuis)

25. Plaintiff repeats and realleges the aforementioned paragraphs as fully as if repeated herein and further alleges:

26. Defendant DAB Constructors failed to properly train or instruct Nyenhuis in proper use of its vehicle.

27. Defendant DAB Constructors failed to properly supervise Nyenhuis while using its vehicle.

28. Defendant DAB Constructors had a duty to Plaintiff and others to properly train and/instruct and properly supervise Nyenhuis while operating its vehicle.

29. The negligence of Defendant DAB Constructors in failing to properly train, instruct or supervise Nyenhuis in the proper use and method of operating the vehicle, concurrently and proximately caused injury to the Plaintiff.

### FOR A FOURTH CAUSE OF ACTION
(Negligent Entrustment of The Richmond Group to Beckett)

30. Plaintiff repeats and realleges the aforementioned paragraphs as fully as if Repeated herein and further alleges:

31. Defendant The Richmond Group supplied and arranged for the use of the 2015 Landrover vehicle to Beckett and did place or entrust the operations and control of its vehicle to Beckett.

ELECTRONICALLY FILED - 2021 Dec 21 5:08 PM - JASPER - COMMON PLEAS - CASE#2021CP2700545

ELECTRONICALLY FILED - 2021 Dec 21 5:08 PM - JASPER - COMMON PLEAS - CASE#2021CP2700545

32. Defendant The Richmond Group had a duty to investigate Beckett's driving record and driving history.

33. Defendant The Richmond Group failed to investigate or failed to properly investigate Beckett's driving history and made insufficient efforts to investigate whether or not Beckett was a safe, fit and competent driver.

34. Defendant The Richmond Group knew, had reason to know or should have known, that Beckett had a record of dangerous, reckless and incompetent driving and that he would be likely to use the vehicle provided to him in a manner involving unreasonable risk of physical harm.

35. Defendant The Richmond Group knew, had reason to know or should have known, that by allowing Beckett the use of its vehicle could involve the risk of physical harm to others.

36. Defendant The Richmond Group knew or should have known that Beckett was incompetent to operate the vehicle in a safe manner, but nonetheless placed or entrusted the vehicle to his control and such entrustment was negligent.

37. The Plaintiff was a member of a foreseeable class of persons who would be at risk of suffering physical harm as a result of Beckett's operation of the vehicle.

38. The negligence of Defendant The Richmond Group in entrusting the vehicle to Beckett concurrently and proximately caused injury to the Plaintiff.

### FOR A FIFTH CAUSE OF ACTION
(Negligent Training/Negligent Supervision of The Richmond Group to Beckett)

39. Plaintiff repeats and realleges the aforementioned paragraphs as fully as if repeated herein and further alleges:

40. Defendant The Richmond Group failed to properly train or instruct Beckett in

proper use of its vehicle.

41. Defendant The Richmond Group failed to properly supervise Beckett while using its vehicle.

42. Defendant The Richmond Group had a duty to Plaintiff and others to properly train and/instruct and properly supervise Beckett while operating its vehicle.

43. The negligence of Defendant The Richmond Group in failing to properly train, instruct or supervise Beckett in the proper use and method of operating the vehicle, concurrently and proximately caused injury to the Plaintiff.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants for an award of actual and consequential damages in an amount sufficient to properly compensate Plaintiff for the actual damages sustained, plus an award of punitive damages in an appropriate sum; and for the cost of this action, including attorney's fees, and for such other and further relief as the Court may deem just and proper.

/s/ Charles J. Brooks, II
Charles J. Brooks, II
SC Bar No: 15262
Attorney for the Plaintiff
P.O. Box 1147
Columbia, South Carolina 29202
(803) 252-1400

Columbia, South Carolina

Dated: December 20, 2021

ELECTRONICALLY FILED - 2021 Dec 21 5:08 PM - JASPER - COMMON PLEAS - CASE#2021CP2700545

# AFFIDAVIT OF SERVICE

| Case: 2021CP2700545 | Court: Court of Common Pleas | County: , SC | Job: 6747960 |
|---|---|---|---|
| Plaintiff / Petitioner: Willie Haigler | | Defendant / Respondent: David J. Nyenhuis, DAB Constructors, et al | |
| Received by: Metrowest Constable Service | | For: Law Offices of Charles J. Brooks, II | |
| To be served upon: Edward W. Beckett, The Richmond Group, Inc. | | | |

I, Paul Guyon, Constable, Process Server, Disinterested Person, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents.

Recipient Name / Address: Edward W. Beckett, The Richmond Group, Inc., COMPANY: 77 Main St, Hopkinton, MA 01748
Manner of Service: Business, Mar 1, 2022, 2:15 pm EST
Documents: Summons and Complaint (Received Feb 28, 2022 at 12:00pm EST)

Additional Comments:
1) Successful Attempt: Mar 1, 2022, 2:15 pm EST at COMPANY: 77 Main St, Hopkinton, MA 01748 received by The Richmond Group, Inc..
Served, in-hand to Doug Queen, COO.

2) Unsuccessful Attempt: Mar 2, 2022, 9:45 am EST at Home: 5 BOWKER RD, HOPKINTON, MA 01748-2584
Attempted, wrong address. Home was sold in 2014.

_Paul Guyon_  3/2/2022

Paul Guyon, Constable, Process Server, Disinterested Person    Date



Metrowest Constable Service
327 Union Avenue
Framingham, MA 01702
Phone:(508) 872-3757 Fax: (508) 620-6565

ELECTRONICALLY FILED - 2022 Mar 08 8:31 PM - JASPER - COMMON PLEAS - CASE#2021CP2700545

# AFFIDAVIT OF SERVICE

County of Jasper

State of South Carolina

Case Number: 2021-CP-2700545

Plaintiff:
**WILLIE HAIGLER**

vs.

Defendant:
**DAVID NYENHUIS**

For:
CHARLES J BROOKS II
PO BOX 1147
COLUMBIA, SC 29202

Received by Glenn Brooks & Associates on the 10th day of February, 2022 at 9:38 am to be served on **DAVID NYENHUIS, 232 BREVARD BLVD, HUNTSVILLE, MADISON County, AL 35806**.

I, Sheila Brooks, being duly sworn, depose and say that on the **11th day of February, 2022 at 12:16 pm**, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS & COMPLAINT** to: **DAVID NYENHUIS** at the address of: **232 BREVARD BLVD, HUNTSVILLE, MADISON County, AL 35806**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 55, Sex: m, Race/Skin Color: white, Height: 5'10", Weight: 165, Hair: brown, Glasses: y

I certify that I have no interest in the above action, I am over the age of 19 and have proper authority in the jurisdiction in which this service was made.

Sheila Brooks
Process Server

Subscribed and Sworn to before me on the 15th day of February, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

Glenn Brooks & Associates
4800 Whitesburg Drive
Suite 30-247
Huntsville, AL 35802
(256) 797-6200

Our Job Serial Number: GBR-2022000246

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2d

ELECTRONICALLY FILED - 2022 Feb 15 1:41 PM - JASPER - COMMON PLEAS - CASE#2021CP2700545